WILLIAM H. GIFFORD ET AL.

v.

LUTHER K. TUCKER.

JUDGMENT AGAINST PARTIES NOT SERVED WITH PROCESS. — Where it appears that only one of several parties defendant was served with process, who appeared for himself alone, and no appearance was entered by the others, it is erroneous to enter judgment upon a verdict against all the defendants named in the summons. The fact that motions were made by all the defendants, after verdict against them, for the purpose of preventing a judgment thereon, does not give the court jurisdiction of the persons of those not served.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. R. W. SMITH, for appellants; that the burden of proof is upon the plaintiff, cited Hinman v. Pope, 1 Gilm. 131; Watt v. Kirby, 15 Ill. 200; Stevenson v. Marony, 29 Ill. 532; Union Nat. Bank v. Baldenwick, 45 Ill. 375; Crabtree v. Reed, 50 Ill. 206; Broughton v. Smart, 59 Ill. 440; Singer v. Jennison, 60 Ill. 443.

An instruction that if the jury believe the plaintiff has willfully sworn falsely they may disbelieve him, except in so far as he is corroborated, was proper, and should have been given: Howard v. McDonald, 46 Ill. 123; Hall v. Rosehill & E. R. Co. 70 Ill. 673.

Upon the question of agency: Thornton v. Boyden, 31 Ill. 200; Goodrich v. Pearson, 33 Ill. 498; Mathews v. Hamilton et al. 23 Ill. 470; Rawson v. Curtiss, 19 Ill. 456; C. & G. R. R. Co. v. Fox et al. 41 Ill. 106; Hughes v. Washington, 72 Ill. 84.

A new trial should be granted where it is apparent the jury have erred or have disregarded the evidence: Gordon v. Crooks, 11 Ill. 142; Higgins v. Lee, 16 Ill. 495; Gibson v. Webster, 44 Ill. 483; City of Peru v. French, 55 Ill. 317; St. Paul F. & M. Ins. Co. v. Johnson, 77 Ill. 598; Smith v. Slocum, 62 Ill. 354.

Mr. Henry A. Gardner, for appellee; that no objection having been made to the evidence on the trial, it cannot now be urged, cited I. B. & W. R. R. Co. v. Rhodes, 76 Ill. 285.

Refusal to give instructions cannot be urged when the bill of exceptions does not purport to contain all the instructions that were given: Strohm v. Hayes, 70 Ill. 41; Ives v. Vanscoyoc, 81 Ill. 120.

The court will not consider anything not assigned for error: Gilbert v. Mofford, 1 Scam. 471.

Murphy, P. J.  This was an action of assumpsit in the Superior Court of Cook county, instituted by the appellee against the appellants, to recover for work and labor done, and for the use of a horse and buggy for a time alleged to have been employed in and about the business of the appellants. Service of summons was only obtained upon the appellant James H. Palmeter, who appeared in the court below, by counsel, and plead the general issue for himself, cautiously avoiding any act which in law would be an entry of the appearance of any of his co-defendants.  Upon that plea issue was formed. Upon a trial of which the appellee recovered a verdict and judgment against all the appellants, for the sum of $193.50 and costs, to which appellants excepted, and prayed an appeal to this court; and bring the record here and ask a reversal of the judgment, for the reason, amongst others, that it was error to render judgment against all the appellants when but one was served with process.

It is insisted by the appellee that the appearance of all the appellants was entered in the court below by the attorney who appeared in that court for Palmeter, and if not, then the point has not been assigned for error, and insists that the appellants cannot avail themselves of such error in this court.  The seventh assignment of error is:  " The court erred in rendering judgment on the verdict."  This we think sufficiently presents the question in this court.  We have examined the record carefully, and are of opinion that there is nothing in it indicating a purpose on the part of the attorney who appeared in the court below, to enter the appearance of the appellants not

served, but that, taken altogether, we think the record discloses the fact that the appellants, except said Palmeter, were not in court. The fact that it appears that motions were made in the name of all the appellants, after the return of the verdict against them all, for the purpose of preventing a judgment thereon against them, did not serve to give the court jurisdiction of the persons of the appellants not served with process. We think that upon this state of the record it was error to render judgment on the verdict against all the appellants. It is claimed by the appellants that the verdict is not sustained by the testimony; but as the case will have to be submitted to another jury, we forbear any discussion of the facts in the case, as such a course might tend to influence such trial unduly. But for the error above stated, the judgment of the court below is reversed and the cause remanded.

Judgment reversed.